**GUO–JUN CHENG, Petitioner,**

v.

**David ILCHERT, District Director, INS, Respondent.**

**No. C–88–3666 EFL.**

United States District Court, N.D. California.

Nov. 4, 1988.

---

Robert D. Baizer, Dorothy Harper, Oakland, Cal., for petitioner.

Susan L. Kamlet, Sp. Asst. U.S. Atty., San Francisco, Cal., for respondent.

## ORDER

LYNCH, District Judge.

This matter concerns the issue of whether an alien stowaway is entitled to have his

any rights which defendants may possess against defendants' insurance carriers.

application for asylum considered by an immigration judge after denial by the Immigration and Naturalization Service District Director. This Court adopts the reasoning of the Second Circuit in *Yiu Sing Chun v. Sava,* 708 F.2d 869 (2d Cir.1983) and of the Central District of California in *Fang–Sui Yau v. Gustafson,* 623 F.Supp. 1515 (D.C.Cal.1985) in holding that petitioner is entitled to appeal his case to an immigration judge.

It appears that 8 U.S.C. section 1323(d) of the Immigration and Nationality Act restricting the right of stowaways to appeal is in conflict with the procedures established pursuant to the Refugee Act of 1980 allowing renewal of a denied asylum request before an immigration judge. While the stowaway provisions provide for orderly processing of stowaways, the Refugee Act establishes uniform procedures for handling asylum claims consistent with this nations' international treaty obligations. This Court finds that this conflict can be harmonized as it was by the Second Circuit in *Chun.* Any other analysis would distort the concept of the Refugee Act. The government argues that stowaways have been singled out by Congress for disparate treatment in order to curb the serious problem they present. This Court finds this argument untenable in the refugee context. The Refugee Act is ameliorative legislation which brings the United States into accord with its treaty obligations and with the modern state of affairs, in which asylum-seekers have limited ways to escape persecution in their countries. The newspapers frequently report accounts of refugees fleeing persecution as stowaways on airplanes and ships. The Refugee Act, which provides for uniform treatment regardless of the status of the alien, does not permit the government to single these asylum-seekers out for lesser treatment. This holding hardly encourages stowaways. It merely adopts the reasoning of the *Chun* case that a stowaway is entitled to the same procedural right to a hearing before an immigration judge as other aliens when bringing an asylum claim.

This Court will not address the merits of petitioner's asylum application. Rather,

this case is remanded for further proceedings before an immigration judge consistent with this order.

IT IS SO ORDERED.